# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:**  Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later.  File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form.  Parties proceeding pro se are not required to file a docketing statement.  Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **Originating Court/Agency** | |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | | |
| Date notice of appeal or petition for review filed | | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33.  Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.)

| Is settlement being discussed? | ○ Yes | ○ No |
|---|---|---|

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

Adverse Party:

Attorney:
Address:

E-mail:

Phone:

Adverse Party:

Attorney:
Address:

E-mail:

Phone:

**Adverse Parties (continued)**

Adverse Party:

Attorney:
Address:

E-mail:

Phone:

Adverse Party:

Attorney:
Address:

E-mail:

Phone:

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: | Name: |
| Attorney: | Attorney: |
| Address: | Address: |
| | |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Appellant (continued)**

| | |
|---|---|
| Name: | Name: |
| Attorney: | Attorney: |
| Address: | Address: |
| | |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** _____     **Date:** _____

**Counsel for:** _____

**Certificate of Service**: I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| | |
| Signature: | Date: |

*Appeal No. 13-2467*
*CresCom Bank, successor by merger to Community FirstBank v. Edward L. Terry*

**Docketing Statement – Nature of the Case**

This case involves Appellee CresCom Bank's ("CresCom") suit against CCT Reserve, LLC and its predecessors in interest (collectively referred to as "CCT") and Appellant Edward L. Terry ("Terry") in the South Carolina District Court in which CresCom sought to enforce several promissory notes executed by CCT involving four loans made to CCT and to enforce separate guaranty agreements executed by Terry involving the four loans. Terry is a citizen and resident of Florida. He works in Florida and Georgia. Terry is the sole member of CCT, which is a limited liability company formed under the laws of the State of Georgia. CCT's sole place of business is located in Georgia.

On January 5, 2012, Crescom filed this action against CCT to recover on four separate loans secured by promissory notes and mortgages executed by CCT or its predecessors in interest. CresCom also sued Terry as the guarantor of the promissory notes. Each of the guaranty agreements states that it shall be governed by the laws of the State in which it is executed. Terry executed the guaranty contracts in the State of Georgia.

CresCom never served the pleadings on CCT and the 120-day time limit for service upon that party expired pursuant to FED. R. CIV. PRO. 4(m). Terry was served with the Summons and Complaint on March 30, 2012.

On April 19, 2012, Terry timely filed his Answer to the Complaint and raised the defenses therein that, *inter alia*, the Complaint should be dismissed pursuant to FED. R. CIV. PRO. 12(b)(2) for lack of personal jurisdiction and the District Court lacks jurisdiction over Terry's person. On May 4, 2012, Terry also filed a motion to dismiss for want of *in personam* jurisdiction. By Order filed on July 31, 2012, the District Court denied Terry's motion. On August 28, 2012, Terry timely filed a motion to alter or amend pursuant to FED. R. CIV. PRO. 59(e). The District Court denied that motion by Order filed on September 26, 2012.

On August 31, 2012, while this action was pending, CCT filed a Chapter 11 Petition in the United States Bankruptcy Court for the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, entitled *In re: CCT Reserve, LLC*, Case No. 12-71670-PWB. As part of CCT's bankruptcy proceedings, CCT filed a plan of reorganization in the Bankruptcy Court which provided for treatment of CresCom's claims involving the same loans at issue in this action. Under the plan, CresCom's claims were allowed in the amount of $3,747,314.00 plus costs and attorneys' fees through the petition date. Under the plan, CCT also conveyed to CresCom all of the real estate or collateral securing CresCom's loans. On March 14, 2013, the Bankruptcy Court entered Orders confirming CCT's bankruptcy plan and determining that the value of the

collateral securing CresCom's loans totals $2,551,000.00. The Bankruptcy Court's Orders further determined that the total amount of CresCom's unsecured or deficiency claim involving the loans (after crediting the value of the real estate conveyed to CresCom as part of the plan) is $1,121,029.00. CresCom accepted the conveyances of the properties from CCT and did not appeal the Bankruptcy Court's Orders.

On July 30, 2013, Terry filed a motion for summary judgment asserting (a) that personal jurisdiction is lacking over him; (b) that Terry's obligations under the guaranty agreements were discharged by virtue of CresCom's failure to properly provide written notice of default and an opportunity to cure the alleged default in strict adherence with the terms of the contracts; (c) that based on 11 U.S.C. § 1141 and common-law principles of collateral estoppel and *res judicata* Terry's liability or exposure under the guaranties is limited to a maximum of $1,121,029.00 by virtue of the prior unappealed Orders entered in CCT's Chapter 11 bankruptcy proceedings; and (d) that CresCom is barred from recovering any attorneys' fees because of its failure to provide notice of its intent to pursue such fees as required by GA. CODE ANN. § 13-1-11(a)(3).

On July 31, 2013, CresCom filed a motion for summary judgment seeking a total of $2,142,861.25 in damages against Terry.

On October 1, 2013, the District Court entered an Order granting in part and denying in part Terry's motion for summary judgment and granting CresCom's motion for summary judgment. The District Court held that CresCom is barred from recovering any attorneys' fees because of its failure to provide the notification required by GA. CODE ANN. § 13-1-11(a)(3). However, the District Court denied Terry's arguments that personal jurisdiction is lacking over him, that Terry's obligations under the guaranty agreements were discharged by virtue of CresCom's failure to properly provide written notice of default and an opportunity to cure the alleged default in strict adherence with the terms of the contracts, or that 11 U.S.C. § 1141 and principles of collateral estoppel and *res judicata* require that Terry's liability or exposure under the guaranties be limited to a maximum of $1,121,029.00 by virtue of the prior unappealed Orders entered in CCT's Chapter 11 bankruptcy proceedings. The District Court's Order disposing of the summary judgment motions deferred a ruling on the amount of damages to be awarded to CresCom; instead, the Order granted CresCom an additional ten days to properly "document the basis for its calculation of damages." On October 17, 2013, Terry timely filed a motion to alter or amend the District Court's summary judgment Order pursuant to FED. R. CIV. PRO. 59(e). The District Court denied this motion by Order filed on November 25, 2013.

On October 11, 2013, CresCom filed a supplemental memorandum and other materials in support of its request for an award of damages. CresCom's supplemental materials increased its requested damages to a total of $2,262,604.31.

On October 16, 2013, Terry filed a supplemental memorandum in opposition to CresCom's request for an award of damages. Terry's supplemental memorandum argued (a) that CresCom's internal records (which it filed as attachments to its summary judgment memoranda) showed that CresCom had appraised the loan collateral at fair market values exceeding the amounts allegedly owed under the loans, thus the debt was paid or satisfied in full when CCT conveyed the same collateral to CresCom as part of CCT's bankruptcy proceedings; (b) that CresCom had improperly charged a "default" rate of interest of 11% per annum in contravention of the loan documents; (c) that CresCom improperly assessed a "late fee" equal to 5% of the entire loan principal due at loan maturity, which fee was not supported by the loan documents and constitutes an unenforceable penalty; and (d) that the value of the collateral awarded to CresCom as part of CCT's bankruptcy proceedings should be credited against the outstanding loan balances on March 29, 2013 (when CCT's bankruptcy plan became binding upon CCT and CresCom and the period for appealing the Bankruptcy Court's confirmation order had expired) instead of June 8, 2013 (when deeds were physically delivered for the properties).

On November 25, 2013, the District Court entered an order granting summary judgment to CresCom and awarding damages totaling $2,171,211.04. Judgment was subsequently entered against Terry on November 26, 2013, in the total sum of $2,171,211.04. Terry timely filed his Notice of Appeal on December 4, 2013.

## Docketing Statement – Issues Presented

1.    Whether the District Court erred in denying Terry's motion to dismiss for lack of *in personam* jurisdiction and by holding that it has personal jurisdiction over Terry.

2.    Whether the District Court erred by holding that the unsworn allegations in CresCom's Complaint were sufficient to make a *prima facie* showing of personal jurisdiction over Terry sufficient to defeat Terry's motion to dismiss when Terry contested the allegations by sworn affidavit.

3.    Whether the District Court erred by holding that the conclusory, vague, and nonspecific allegations in CresCom's affidavit were sufficient to make a *prima facie* showing of personal jurisdiction over Terry sufficient to defeat Terry's motion to dismiss.

4.    Whether the District Court erred by holding that the "corporate shield doctrine" or "fiduciary shield doctrine" is inapplicable to CresCom's claims against Terry based on this Court's opinions in *Columbia Briargate Co. v. First National Bank in Dallas*, 713 F.2d 1052 (4th Cir. 1983) and *Korean Video Broad. Corp. v. D & H Visual Art, Inc.*, 1995 WL 541711 (4th Cir., Sep. 13, 1995).

5.      Whether the District Court erred by granting summary judgment to CresCom and by not holding that Terry's obligations under the guaranty agreements were discharged by virtue of CresCom's failure to provide Terry with written notice of default and an opportunity to cure the alleged default in strict adherence with the terms of the parties' contracts.

6.      Whether the District Court erred by granting summary judgment to CresCom and by holding that the contracts do not require CresCom to provide Terry with at least ten days written notice of default and an opportunity to cure any alleged default by giving such written notice to Terry at his mailing address by certified mail, recognized overnight carrier, hand delivery, or some other method that provides proof of delivery.

7.      Whether the District Court erred by granting summary judgment to CresCom and by holding that Terry was not an intended third party beneficiary of the express notice of default provision in the contracts and that he was not entitled to receive notice of default and an opportunity to cure any alleged default.

8.      Whether the District Court erred by granting summary judgment to CresCom and by holding that Terry waived his right to notice of default and opportunity to cure.

9.      Whether the District Court erred by granting summary judgment to CresCom and by holding that Terry waived his personal defenses to CresCom's action on the guaranty agreements.

10.     Whether the District Court erred by granting summary judgment to CresCom and by holding that the Bankruptcy Court's prior Orders, which determined that the total amount of CresCom's unsecured or deficiency claim is $1,121,029.00 after crediting the value of the real estate conveyed to CresCom as part of the CCT's Chapter 11 bankruptcy plan, are not binding upon CresCom under 11 U.S.C. § 1141 and common-law principles of collateral estoppel and *res judicata*.

11.     Whether the District Court erred by granting summary judgment to CresCom and by not holding that Terry's liability or exposure under the guaranties is limited to a maximum of $1,121,029.00 by virtue of the prior unappealed Orders entered in CCT's Chapter 11 bankruptcy proceedings.

12.     Whether the District Court erred by granting summary judgment to CresCom and by holding that the Bankruptcy Court's finding in CCT's Chapter 11 bankruptcy proceeding that the outstanding indebtedness owed to CresCom is $1,121,029.00 is not binding upon CresCom because of 11 U.S.C. § 524(e) and case law applying that statute.

13.    Whether the District Court erred by granting summary judgment to CresCom and by holding that 11 U.S.C. § 524(e) precludes the Bankruptcy Court's Orders from operating to partially or wholly satisfy CresCom's debt as part of the Bankruptcy Court's confirmation of CCT's Chapter 11 bankruptcy plan, which also acts to reduce or eliminate Terry's liability to CresCom.

14.    Whether the District Court erred by granting summary judgment to CresCom and by not holding that CresCom's internal records (which CresCom filed with the Court in support of its summary judgment motion) prove that it had appraised the loan collateral at a value of $4,751,000.00, which amount exceeds the amount of the debt allegedly owed, and thus CresCom's debt was paid or satisfied in full when CCT conveyed the same collateral to CresCom as part of CCT's Chapter 11 bankruptcy proceedings.

15.    Whether the District Court erred by granting summary judgment to CresCom and by not holding that CresCom had improperly charged a "default" rate of interest of 11% per annum in contravention of the loan documents and without providing notice of default to Terry.

16.    Whether the District Court erred by granting summary judgment to CresCom and by not holding that CresCom improperly assessed a "late fee" equal to 5% of the entire loan principal due at loan maturity when the fee (a) was not supported by the loan documents and (b) constitutes an unenforceable penalty.

17.    Whether the District Court erred by granting summary judgment to CresCom and by not holding that the value of the collateral conveyed to CresCom as part of CCT's Chapter 11 bankruptcy proceedings should be credited against the outstanding loan balances on March 29, 2013 (when CCT's bankruptcy plan became binding upon CresCom and the period for appealing the Bankruptcy Court's confirmation order had expired) instead of June 8, 2013 (when deeds were physically delivered for the properties).

18.    Whether the District Court erred by granting summary judgment to CresCom and by holding that the Bankruptcy Court's determination of the value of the collateral conveyed to CresCom as part of CCT's Chapter 11 bankruptcy proceedings is binding on Terry individually when he was not a party to the prior bankruptcy proceedings.

19.    Whether the District Court erred by granting summary judgment to CresCom and by holding that the Bankruptcy Court's determination of the value of the collateral conveyed to CresCom as part of CCT's Chapter 11 bankruptcy proceedings is binding on Terry when the Bankruptcy Court's valuation reflected "liquidation" or "fire sale" prices and not "fair market valuations" for the collateral.